UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

CARRIE GUTIERREZ and GLENN
GUTIERREZ,

                     Plaintiffs,

v.

COUNTY OF OGEMAW and BRIAN GILBERT,
Ogemaw County Sheriff in his Official and
Individual capacities,

                     Defendants.

Case No. 21-cv-
Hon.

_____/
ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiffs, Carrie Gutierrez and Glenn Gutierrez, by and through their attorneys, Stempien Law, PLLC, hereby complain against Defendants County of Ogemaw and Brian Gilbert, and in support thereof state:

1. Plaintiff Carrie Gutierrez is a resident of the City of West Branch, Ogemaw County, Michigan.

1

2. Plaintiff Glenn Gutierrez is a resident of the City of West Branch, Ogemaw County, Michigan.

3. Defendant County of Ogemaw ("Ogemaw") is a political subdivision of the State of Michigan, created by the State's Constitution and statutes.

4. Defendant Brian Gilbert ("Gilbert") is the elected Sheriff of the County of Ogemaw and a resident of the State of Michigan.

5. Jurisdiction is vested upon this Court for Plaintiff's constitutional claims pursuant to 42 USC §1983, 28 USC §1343 and 28 USC §1331. Venue lies in the Eastern District of Michigan.

6. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 USC §1367.

7. At all times pertinent hereto, Defendants Ogemaw and Gilbert acted under the color of state law meaning under color of the statutes, codes, ordinances, regulations, policies, customs and usages of the State of Michigan and/or Ogemaw County.

## GENERAL ALLEGATIONS

*Plaintiff Carrie Gutierrez:*

8. Plaintiff Carrie Gutierrez is employed in the Sheriff's office of Ogemaw County as an Administrative Assistant.

9. The prior Sheriff for Ogemaw County, Howie Hanft, announced in March 2020 that he would not be seeking re-election 2020 and would retire effective December 31, 2020.

10. Defendant Gilbert filed to run for the office of Ogemaw County Sheriff.

11. Plaintiff Glenn Gutierrez also filed to run for the office of Ogemaw County Sheriff.

12. Plaintiff Carrie Gutierrez publicly and visibly supported Plaintiff Glenn Gutierrez' candidacy.

13. On August 4, 2020, Defendant Gilbert won the Republican primary election for Ogemaw County Sheriff.

14. On November 3, 2020, Defendant Gilbert won the election to become the Sheriff for Ogemaw County.

15. Shortly after the primary election, Defendant Gilbert told several Sheriff's office staff members that he had found a replacement for Plaintiff Carrie Gutierrez.

16. From September through December 2020, Defendant Gilbert told multiple Sheriff's office employees that he had made the decision to remove Plaintiff Carrie Gutierrez from her position as Administrative Assistant in the office.

17. Plaintiff Carrie Gutierrez had not resigned or otherwise indicated that she was no longer going to be working for the Sheriff's office.

18. Defendant Gilbert also engaged in petty harassment of Plaintiff Carrie Gutierrez. For example, in late December 2020, Plaintiff Carrie Gutierrez was told that she was no longer allowed to park in the Sheriff's office parking lot, but had to park at a different lot and walk to the office's back door; all other sheriff's employees were still allowed to park in lot adjacent to the office building.

19. Defendant Gilbert also engaged in many other forms of harassment, including changing of hours, increased job duties and other actions, in an attempt to coerce Plaintiff Carrie Gutierrez to quit her employment.

20. Defendant Gilbert's son, Brian Gilbert, Jr., is a Sheriff's Deputy at Ogemaw County.

21. In March 2020 Brian Gilbert, Jr. was investigated by the Michigan State Police for committing insurance fraud.

22. In addition to the criminal complaint, Brian Gilbert Jr. was also being sued by his insurance company for committing insurance fraud.

23. As a result, the Ogemaw County Board of Commissioners engaged in an internal investigation of the allegations against Deputy Brian Gilbert, Jr.

24. The investigation was conducted by Ogemaw County's general counsel.

25. Plaintiff Carrie Gutierrez was interviewed by the County's general counsel for the investigation.

26. Plaintiff Carrie Gutierrez supplied information to the County's general counsel to assist with the investigation.

27. Immediately after the interview, Defendant Gilbert's harassment of Plaintiff Carrie Gutierrez significantly increased.

28. On June 18, 2021, Plaintiff Carrie Gutierrez filed a formal complaint against Defendant Gilbert with the County Administrator.

29. Defendant Gilbert's efforts to coerce Carrie Gutierrez to quit her employment again increased after the filing of her formal complaint.

30. On or about June 21, 2021 Plaintiff Carrie Gutierrez was diagnosed with severe anxiety and was disabled from her employment at Ogemaw County; she filed and was approved for a medical leave pursuant to the Family Medical Leave Act (FMLA).

31. Upon her return from her FMLA leave, Carrie Gutierrez was assigned a significantly higher workload despite the fact that she was already performing the jobs of two full-time employees.

32. Defendant Gilbert's campaign to coerce Plaintiff Carrie Gutierrez to quit her employment has continued unabated and has increased as a direct result of her protected speech under the First Amendment of the United States Constitution, her right to assembly under the First Amendment of the United

States Constitution, and her protected activity pursuant to Michigan's Whistleblower's Protection Act.

*Plaintiff Glenn Gutierrez:*

33. On June 18, 2018, Plaintiff Glenn Gutierrez was hired by the Ogemaw County's Sheriff's Office as a seasonal deputy.

34. In February 2021, shortly after taking office, Defendant Gilbert fired Plaintiff Glenn Gutierrez from his position as seasonal deputy.

35. Defendant Gilbert provided inconsistent reasons for Plaintiff Glenn Gutierrez' discharge from employment.

36. On or about February 11, 2021 Defendant Gilbert told the Ogemaw County Board of Commissioners that Glenn Gutierrez was discharged because he had not completed the firearms training.

37. On or about March 8, 2021, Defendant Gilbert provided a written report to the County Board of Commissioners stating that Glenn Gutierrez was discharged because his position was temporary and the projects he was working on had been completed.

38. Both excuses provided by Defendant Gilbert are patently false.

39. Plaintiff Glenn Gutierrez was discharged as a direct result of his protected speech under the First Amendment of the United States Constitution and his

right to assembly under the First Amendment of the United States Constitution.

## COUNT I
## VIOLATION OF 42 USC §1983 – FREE SPEECH AND ASSEMBLY AS TO PLAINTIFF CARRIE GUTIERREZ

40. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein.

41. Acting under the color of state law, Defendants Ogemaw and Gilbert promulgated and carried out the official policies, orders and directives regarding Carrie Gutierrez' employment, with wanton and reckless disregard for the civil and constitutional rights of Plaintiff, including her fundamental right to freedom of speech and freedom of assembly as guaranteed by the First Amendment to the United States Constitution.

42. Gutierrez' support of her husband Glenn Gutierrez in the 2020 election was a significant and motivating factor in the adverse employment actions described above.

43. Gutierrez' political opinions stated and promulgated during the 2020 election campaign were a significant and motivating factor in the adverse employment actions described above.

44. Gutierrez' political association with her husband Glenn Gutierrez' 2020 election campaign was a significant and motivating factor in the adverse employment actions described above.

45. Defendants Ogemaw and Gilbert retaliated against Plaintiff Carrie Gutierrez as a direct and proximate result of the above-stated political speech and association.

46. At all times pertinent hereto, Plaintiff Carrie Gutierrez had a clearly established right to freedom of speech and freedom of association of which a reasonable public official would have known.

47. As a direct and proximate result of Defendants' violation of 42 USC §1983, Plaintiff Carrie Gutierrez has suffered damages, including but not limited to: lost past and future wages, lost past and future employment benefits and extreme emotional distress.

## COUNT II
## VIOLATION OF WHISTLEBLOWER'S PROTECTION ACT
## AS TO PLAINTIFF CARRIE GUTIERREZ

48. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein.

49. Plaintiff Carrie Gutierrez was an employee of Defendants as that term is defined by Michigan's Whistleblowers' Protection Act, MCL 15.361 et seq. ("WPA")

50. Defendants Ogemaw and Gilbert are employers as that term is defined by the WPA.

51. The County Administrator's Office is a public body as that term is defined by the WPA.

52. The general counsel for the County of Ogemaw is a public body as that term is defined by the WPA.

53. By participating in an investigation, hearing or inquiry with a public body, Plaintiff engaged in protected activity under the WPA.

54. By reporting coercive behavior to the general counsel and the County Administrator, Plaintiff engaged in a protected activity under the WPA.

55. There is a causal connection between the protected activity and the adverse employment actions taken against Plaintiff Carrie Gutierrez described above.

56. As a direct and proximate result of Defendants' violation of the Whistleblower's Protection Act, Plaintiff Carrie Gutierrez suffered damages as fully set forth in paragraph 47 of this Complaint.

## COUNT III
## VIOLATION OF 42 USC §1983 – FREE SPEECH AND ASSEMBLY AS TO PLAINTIFF GLENN GUTIERREZ

57. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein.

58. Acting under the color of state law, Defendants Ogemaw and Gilbert promulgated and carried out the official policies, orders and directives regarding the discharge of Glenn Gutierrez from his employment, with wanton and reckless disregard for the civil and constitutional rights of Plaintiff, including his fundamental right to freedom of speech and freedom of assembly as guaranteed by the First Amendment to the United States Constitution.

59. Glenn Gutierrez' exercise of his fundamental right to stand as a candidate for public office was a significant and motivating factor in the Defendants' decision to terminate his employment.

60. Glenn Gutierrez' political opinions stated and promulgated during the 2020 election were significant and motivating factors in the Defendants' decision to terminate his employment.

61. Defendants Ogemaw and Gilbert retaliated against Plaintiff Glenn Gutierrez as a direct and proximate result of the above-stated political speech and association.

62. At all times pertinent hereto, Plaintiff Glenn Gutierrez had a clearly established right to freedom of speech and freedom of association of which a reasonable public official would have known.

63. As a direct and proximate result of Defendants' violation of 42 USC §1983, Plaintiff Glenn Gutierrez has suffered damages, including but not limited to: lost past and future wages, lost past and future employment benefits and emotional distress.

WHEREFORE, Plaintiffs Carrie Gutierrez and Glenn Gutierrez pray that this Honorable Court to enter a judgment in their favor against Defendants County of Ogemaw and Brian Gilbert in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: December 22, 2021